**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CHRISTIAN BELLEQUE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, a foreign corporation and STRYKER EMPLOYMENT COMPANY, LLC, a foreign limited liability company,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of Washington in and for the County of Pierce, Case No. 25-2-08587-8 |

NOTICE OF REMOVAL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

Defendants Stryker Corporation[1] and Stryker Employment Company, LLC (collectively "Stryker"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submit the following Notice of Removal with respect to the above captioned case, which was filed in Pierce County Superior Court, Case No. 25-2-08587-8. In support of this Notice of Removal, Stryker states the following:

## I.    STRYKER'S NOTICE OF REMOVAL IS TIMELY

1.    On May 15, 2025, Plaintiff Christian Belleque ("Plaintiff") commenced a civil action against Stryker by filing a complaint in Pierce County Superior Court, titled *Christian Belleque v. Stryker Corporation* and *Stryker Employment Company, LLC*, Case No. 25-2-08587-8. The Complaint asserts a purported class-action lawsuit for violations of Washington's Law Prohibiting Unlawful Noncompetition Covenants, RCW 49.62 *et seq.* Plaintiff alleges Stryker violated Washington law by: (1) "requir[ing] all employes and independent contractors who worked in sales or services roles or a role that Stryker classified as salaried or exempt to sign the Agreement, including the noncompete provision, as a condition of employment;" and (2) "[u]pon termination Stryker sends workers who signed the Agreement a letter . . . reminding the worker of their 'post-employment restriction,' including the noncompete." (Compl. ¶¶17 & 18).

2.    On May 22, 2025, Plaintiff served Stryker with a copy of the Complaint.

3.    Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons. 28 U.S.C. § 1446(b)(1) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant").

4.    The service of process which triggers the 30-day period to remove is governed by state law. *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed

---

[1] In filing this Notice of Removal, Defendants do not concede but rather preserve any defenses, affirmative or otherwise, that they may otherwise be entitled to assert in response to Plaintiff's Complaint, including whether Stryker Corporation is a proper defendant in this matter.

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

from state to federal court, the question whether service of process was sufficient prior to removal is governed by state law").

5. Here, the service of the Summons and Complaint was deemed complete on May 22, 2025. Because Stryker has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit A**. Further, a true and correct copy of "all process, pleadings, and orders served upon" Stryker in the state court action are attached as **Exhibits A & B** to the Declaration of Kyle D. Nelson in Support of Notice of Removal.

## II.   THIS CASE IS REMOVABLE BASED UPON DIVERSITY JURISDICTION

7. This Court has original jurisdiction under 28 U.S.C. § 1332 because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

### A.   Diversity of Citizenship Exists Among the Parties.

#### i.   Plaintiff is a Citizen of Washington.

8. For diversity purposes, a person's state of citizenship is determined by that person's domicile – *i.e.*, one's "permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought"); *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

9. Plaintiff alleges that when he filed this lawsuit, he resided in Washington. (Compl., ¶10). Plaintiff also alleges that he worked for Stryker in Pierce County, Washington. (*Id.*). According to Stryker Employment Company's ("Stryker Employment") personnel records,

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

Plaintiff's last known address was in Puyallup, Washington. (Puca Decl., ¶11). Plaintiff's domicile, and intent to remain domiciled in Washington, is further evident from the fact that he filed this lawsuit in Pierce County Superior Court. Therefore, Plaintiff has been, at all relevant times, a citizen and resident of the State of Washington.

10. Accordingly, Plaintiff is and has been, at all relevant times for the purposes of this removal, a citizen of Washington.

### ii. Stryker Corporation is a Citizen of Michigan.

11. For a removal under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. The phrase "principal place of business" in 28 U.S.C. §1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).

12. At the time Plaintiff commenced his civil action, and at all relevant times, Stryker Corporation was and is an organization incorporated in Michigan with its principal place of business in Michigan. (Puca Decl., ¶¶8 & 9).

13. Stryker Corporation is therefore a citizen of the State of Michigan for purposes of diversity jurisdiction.

### iii. Stryker Employment is a Citizen of New Jersey for Purposes of Diversity Jurisdiction.

14. For purposes of removal under 28 U.S.C. 1332, a limited liability company is a citizen of every state that its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

15. In this case, Stryker Employment's sole member is Howmedica Osteonics Corporation ("Howmedica"), a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. (Puca Decl., ¶6).

NOTICE OF REMOVAL - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

16.     Therefore, Stryker Employment is a citizen of New Jersey.

17.     Thus, for removal purposes, Plaintiff (Washington), Stryker Corporation (Michigan), and Stryker Employment (New Jersey) are citizens of different states. 28 U.S.C. §§ 1332(a), (c).

### B.    The Amount in Controversy Exceeds $75,000.

18.     In cases where a plaintiff has not specified an amount in controversy in a complaint, the removing defendant "need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

19.     While Stryker denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as the Ninth Circuit explained, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

20.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

#### i.    Actual and Statutory Damages

21.     Plaintiff seeks to recover actual damages (lost wages) and statutory damages of $5,000 for alleged violations of Washington's Law Prohibiting Unlawful Noncompetition Covenants, RCW 49.62, *et seq*. Specifically, Plaintiff contends that Stryker violated Washington

NOTICE OF REMOVAL - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

law by: (1) "requir[ing] all employes and independent contractor who worked in sales or services roles or a role that Stryker classified as salaried or exempt to sign the Agreement, including the noncompete provision, as a condition of employment;" and (2) "[u]pon termination Stryker sends workers who signed the Agreement a letter . . . reminding the worker of their 'post-employment restriction,' including the noncompete." (Compl. ¶¶17 & 18). Plaintiff seeks $5,000 in statutory damages for each alleged violation. Plaintiff, therefore, seeks $10,000 in statutory damages for the two alleged violations. Plaintiff also seeks lost wages and alleges that his annualized earnings were in excess of $110,000 in 2023, and in excess of $67,000 in 2022 and that he "lost money" because he was "forced to take a position… in which he did not have the same experience or immediate earning capabilities." (Compl. ¶¶9, 28, 29, 44; Prayer for Relief, ¶2). He also alleges that he was paid less during his employment because his movement was restricted by a noncompete. (Compl. ¶29). Even a small percentage of wage loss of 25% for the period he seeks damages (October 2022 through trial) would mean that Plaintiff is seeking over $25,000 in annual wage damages, exceeding $75,000 in actual damages for the entire period he seeks damages in this lawsuit.

### ii. Attorneys' Fees

22. Plaintiff also seeks to recover attorneys' fees and costs. (Compl. Payer for Relief, ¶5). Requests for attorneys' fees must be considered in ascertaining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona*, LLC, 889 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also, Kido as Trustee for Kido v. Transamerica Life Ins. Co.*, 2020 WL 428978 (W.D. Wash. Jan. 28, 2020) ("The amount in controversy may include not just actual damages, but also statutorily authorized treble damages and attorney fees." (citing *Galt*, 142 F.3d at 1156)).

23. Chapter 49.62 expressly authorizes an award of attorney's fees to the prevailing party. RCW 49.62.080(2). Plaintiff, if successful, could be awarded attorney's fees that "more likely than not" would itself exceed $75,000. Indeed, $75,000 would only represent 115 hours of

NOTICE OF REMOVAL - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

attorney time conservatively assuming a $650 blended hourly rate. Verdicts show that attorney's fees in employment cases typically exceed $75,000. *See, e.g.*, *Stumpf*, 2018 WL 5828837 (court awarded $1,001,923 in attorney's fees to the plaintiff after prevailing on claims for gender discrimination, hostile work environment, and retaliation).

24. The Ninth Circuit estimates employment cases require billable work time of 100 or more hours. *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Sasso v. Noble Utah Long Beach,* LLC, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).

25. A 100 hour estimate of time worked on an employment lawsuit is consistent with a recent employment case where Washington counsel reported 113.4 hours of work, and a billing rate of $725/hour. *See* Nelson Decl. at Ex. C. In that case, counsel requested over $82,000 related to his own time and $125,852.50 in fees for all timekeepers at his firm (just one firm incurred over 250 legal hours, while other firms contributed several hundred other hours). Thus, based on the conservative estimate of 100 hours and multiplied by an hourly rate of $725 from a recent Washington case, the attorneys' fees amount in controversy in this matter will more likely than not exceed $75,000.

26. In a recent class action that included similar claims, the class representative received a $15,000 class representative service award. Nelson Decl. at Ex. D.

    **iii. Summary**

27. Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account Plaintiff's theory of statutory damages ($10,000 for two alleged violations of the statute), actual damages (>$75,000), attorneys' fees to Plaintiff (>$75,000), and a class representative service award to Plaintiff ($5,000 - $15,000). Accordingly, the amount in controversy exceeds the requisite $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a).

NOTICE OF REMOVAL - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

28. Based on the foregoing, this Court has diversity jurisdiction over this action. *See* 28 U.S.C. §§ 1332(a); (c). This action is properly removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### III. THIS CASE IS ALSO REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

29. The underlying matter is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§1332(d), 1453, 1711-1715).

30. CAFA requires that the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6).

31. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42–43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. ... Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

32. Here, even if the Complaint does not allege an amount in controversy, the removing defendant only needs to prove by a **preponderance of the evidence** that the amount in controversy exceeds that minimum. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88 ("Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold") (internal alterations and quotations omitted); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that under the "preponderance of the evidence" standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount").

33. To satisfy this standard, the "defendants' notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (emphasis added); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'").

34. The burden of establishing the jurisdictional threshold "is not 'daunting,'" and "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims (C.D. Cal. 2017) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal.

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

2008)); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

35. "In determining the amount in controversy, courts first look to the complaint." *Ibarra*, 775 F.3d at 1197; *accord Gutierrez v. Anning-Johnson Co.*, 2023 WL 3852675, at *7 (C.D. Cal. June 6, 2023) (denying plaintiff's motion for remand in wage-and-hour class action lawsuit under California Labor Code). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (internal quotations and citations omitted). A removing defendant may rely on "a chain of reasoning that includes assumption to satisfy its burden" so long as it is "reasonable." *Id*. at 1199.

36. Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

**A.    This Is A Putative Class Action Consisting Of More Than 100 Members.**

37. Plaintiff proposes to certify a class of Stryker's current and former Washington state employees and independent contractors who (a) were required to sign a noncompete agreement any point after January 1, 2020, and (b) earned less than the relevant statutory earning threshold. (Compl. ¶30).

38. Plaintiff contends that, based on publicly available information, Stryker, in 2025, currently employs at least 700 individuals in the State of Washington. (Compl. ¶32). This figure indicates that, at the very least, Plaintiff contends that the baseline for his purported class is approximately 700 individuals. Accordingly, the proposed class exceeds 100 members and meets CAFA's threshold.

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

## B. The Diversity Of Citizenship Requirement Is Satisfied.

39. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction – that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"). Here, minimal diversity exists: Plaintiff is a citizen of a state (Washington) that is different from the state of citizenship of Stryker Employment (New Jersey) and Stryker Corporation (Michigan).

### i. Plaintiff is a Citizen of Washington.

40. Plaintiff alleges that when he filed this lawsuit, he resided in Washington. (Compl., ¶10; "Plaintiff Christian Belleque is a resident of Washington…"). Plaintiff also alleges that he "was employed by Defendants in Pierce County, Washington as a Sales Representative from approximately October 2022 to October 2023." (*Id.* at ¶10). According to Stryker Employment's personnel records, Plaintiff's last known address was in Puyallup, Washington. (Puca Decl., ¶11). Plaintiff's domicile, and intent to remain domiciled in Washington, is further evident from the fact that he brought this lawsuit in Pierce County Superior Court. Therefore, Plaintiff has been, at all relevant times, a citizen and resident of the State of Washington.

### ii. Defendants are Citizens of Michigan.

41. CAFA analyzes the citizenship of an unincorporated association differently than the analysis for traditional diversity. Unlike traditional diversity, for diversity purposes under CAFA, "an unincorporated association" is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). This rule applies to limited liability companies, because they are unincorporated associations. *E.g., Hurt v. SH Grp. Hotels & Residence U.S. LLC*, 2024 WL 5244725, at *2 (C.D. Cal. Dec. 30, 2024) ("CAFA instructs courts to determine an LLC's citizenship, as an unincorporated association, based on its principal place of business and State of organization")

NOTICE OF REMOVAL - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

(collecting cases); *see also Johnson v. Kadiant LLC*, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024) ("[A]n LLC is an 'unincorporated association' for CAFA purposes").

42. Accordingly, for purposes of diversity jurisdiction "[u]nder CAFA, a limited liability company is 'deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" *Clemons v. Element Materials Tech. Huntington Beach LLC*, 2022 WL 1203096, at *2 (C.D. Cal. Apr. 22, 2022); *see also Hernandez v. Pure Health Rsch. LLC*, 2023 WL 7029213, at *3 (S.D. Cal. Oct. 25, 2023) ("[W]here a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business"); *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) ("the Court finds that for purposes of CAFA, Defendant [an LLC] is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [Shellpoint Partners, LLC] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. See 28 U.S.C. § 1332(d)(10)."). Here, Stryker Employment is an LLC that is organized, and has its principal place of business, outside of Washington.

43. Stryker Employment is now and has been, at all times since this action commenced, organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan. (Puca Decl., ¶5). Thus, for purposes of CAFA jurisdiction, Stryker Employment is a citizen of Michigan.

44. Stryker Corporation is now and has been at all times since this action commenced, incorporated under the laws of the State of Michigan, with its principal place of business in the State of Michigan. (*Id.,* ¶8). Thus, for purposes of diversity jurisdiction under CAFA, Stryker Corporation is a citizen of Michigan.

//

//

NOTICE OF REMOVAL - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

### C. The Amount In Controversy Requirement Is Satisfied.

45. Here, pursuant to CAFA, the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

#### i. Statutory Damages

46. Plaintiff seeks to recover actual damages and statutory damages of $5,000 for alleged violations of Washington Law Prohibiting Unlawful Noncompetition Covenants, RCW 49.62, *et seq*. Specifically, Plaintiff contends that Stryker violated Washington law twice by: (1) "requir[ing] all employes and independent contractor who worked in sales or services roles or a role that Stryker classified as salaried or exempt to sign the Agreement, including the noncompete provision, as a condition of employment;" and (2) "[u]pon termination Stryker sends workers who signed the Agreement a letter . . . reminding the worker of their 'post-employment restriction,' including the noncompete." (Compl. ¶¶17 & 18). Thus, he seeks up to $10,000 in statutory damages related to the two alleged violations.

47. Plaintiff claims that "[b]ased on publicly available records, there are approximately 700 individuals **currently employed** by Stryker in the State of Washington." (Compl. ¶32 (emphasis added)). Because Plaintiff seeks to represent not just current employees, but all former employees dating back to January 2020, Plaintiff actually alleges that the putative class far exceeds 700 individuals. Conservatively, Plaintiff alleges that his putative class will exceed 1,000 individuals when accounting for Stryker's former Washington employees dating back to January 1, 2020.

48. Due to the absence of allegations regarding the frequency of the alleged violations, Stryker is entitled to assume a 100% violation rate. *Martinez*, 2024 WL 4892513, at *3-4 (approving assumption of 100% violation rate where "[t]he Complaint 'offer[s] no guidance as to the frequency of the alleged violations'").

49. Although Stryker denies that Plaintiff or any potential class member suffered any alleged violation of law, based on Plaintiff's allegations, statutory damages will exceed $5,000,000:

NOTICE OF REMOVAL - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

He seeks up to $10,000 per class member, and seeks to represent at least 700 putative class members, plausibly over 1,000 individuals. Based on these allegations, the amount in controversy for statutory damages is between $7,000,000 and $10,000,000.

### ii. Attorneys' Fees

50. Plaintiff also seeks attorneys' fees. (Compl., Prayer for Relief). Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *Galt*, 142 F.3d 1150, 1156 (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is "mandatory or discretionary"). Indeed, the Ninth Circuit explicitly confirmed that "when must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

51. Courts in this District have confirmed a 25% benchmark for attorneys' fees when analyzing the amount in controversy. *See, e.g., Avila v. Northwood Hosp. LLC*, 2024 WL 416366, at *5 (C.D. Cal. Feb. 5, 2025) (denying motion to remand after noting with approval that the defendant added 25% of the subtotal for attorneys' fees to calculate amount in controversy); *Oddei v. Optum, Inc.*, 2021 WL 3013914, at *3 (C.D. Cal. July 15, 2021) (denying motion to remand; absent evidence from Plaintiff's counsel of reasonably anticipated fees from all attorneys and paralegals, "it is reasonable for Optum to rely on the 25% lodestar figure accepted in the Ninth Circuit"). *See also Vasquez v. RSI Home Prod., Inc.*, 2020 WL 6778772, at *10 (C.D. Cal. Nov. 12, 2020) ("[T]he Ninth Circuit has consistently affirmed the 25% rate is reasonable").

52. The combined amount in controversy in the Complaint discussed above is between $7,000,000 and $10,000,000. Thus, under the 25% benchmark, attorneys' fees for this matter would be at least $2,500,000 (25% x $10,000,000).

NOTICE OF REMOVAL - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

53. Based solely on the alleged two violations of law and attorneys' fees considered above, the class-wide amount in controversy, conservatively estimated, is $12,500,000.

54. Although Stryker denies Plaintiff's allegations that he and/or the potential class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and conservative estimates based on those allegations, the total amount in controversy far exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction under CAFA.

55. Because both minimal diversity of citizenship exists, and the amount in controversy exceeds $5 million, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### IV.   VENUE AND NOTICE

56. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 128(b), this District embraces the Superior Court of the State of Washington in and for the County of Pierce, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

57. Promptly upon the filing of this Notice of Removal, Stryker shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Pierce County Superior Court and will serve a copy on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d).

### V.   CONCLUSION

58. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

59. Should Plaintiff seek to remand this case to state court, Stryker respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Stryker asks that the Court retain

NOTICE OF REMOVAL - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

jurisdiction and allow Stryker to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

60.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Stryker's factual allegations have evidentiary support, and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

WHEREFORE, Stryker Corporation and Stryker Employment request that the above-described action pending against them be removed to this Court, and also request all other relief, at law or in equity, to which they are justly entitled.

Respectfully submitted this 23rd day of June, 2025.

SEYFARTH SHAW LLP

By: */s/Kyle D. Nelson*
Kyle D. Nelson, WSBA No. 49981

*/s/Jacob Roes*
Jacob J. Roes, WSBA No. 60172

*/s/Hoorya Ahmad*
Hoorya R. Ahmad. WSBA No. 60994

999 Third Avenue, Suite 4700
Seattle, WA 98104
Phone: 206-946-4910
Email:
knelson@seyfarth.com
jjroes@seyfarth.com
hahmad@seyfarth.com

Counsel for Defendants

Stryker Corporation and Stryker Employment Company, LLC

NOTICE OF REMOVAL - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I have caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following, via the method(s) indicated below:

| | |
|---|---|
| Eleanor Hamburger<br>Ari Robbins Greene<br>SIRIANNI YOUTZ, et al.<br>3101 Western Avenue, Suite 350<br>Seattle, WA 98121<br>Phone: 206-223-0303<br>Email:<br>ehamburger@sylaw.com<br>arobbinsgreene@sylaw.com | ☐ via U.S. Mail, Postage Prepaid<br>☐ via Messenger Service<br>☒ via USDC W WA CM/ECF<br>☒ via Email: Courtesy Copy |
| Rachhana T. Srey<br>H. Clara Coleman<br>NICHOLS KASTER, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Phone: 612-256-3200<br>Email:<br>srey@nka.com<br>ccoleman@nka.com | ☐ via U.S. Mail, Postage Prepaid<br>☐ via Messenger Service<br>☐ via USDC W WA CM/ECF<br>☒ via Email: Courtesy Copy |
| Rachel W. Dempsey<br>TOWARDS JUSTICE<br>PO Box 371689, PMB 44465<br>Denver, CO 80237-5680<br>Phone: 720-441-2236<br>Email:<br>Rachel@towardsjustice.org | ☐ via U.S. Mail, Postage Prepaid<br>☐ via Messenger Service<br>☐ via USDC W WA CM/ECF<br>☒ via Email: Courtesy Copy |

DATED this 23rd day of June, 2025, at Seattle, Washington.

*/s/Kyle D. Nelson*
Kyle D. Nelson, WSBA No. 49981
999 Third Avenue, Suite 4700
Seattle, WA 98104
Phone: 206-946-4910
Email: knelson@seyfarth.com

NOTICE OF REMOVAL - 16

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

318447848v.2