UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN BELLEQUE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

STRYKER CORPORATION, et al.,

Defendants.

CASE NO. 25-CV-5554-BHS

ORDER

THIS MATTER is before the Court on defendants Stryker Corporation and Stryker Employment Company LLC's motions to dismiss, Dkt. 8, and to bifurcate discovery, Dkt. 18. Plaintiff Belleque alleges he was forced to sign a non-compete agreement when defendant Stryker hired him, and that, when he resigned a year later, Stryker threatened to enforce the non-compete, even though he had not earned enough money for it to be enforceable under RCW 49.62.020(1)(b).

He sued, alleging Stryker's conduct "violated" that statute. He seeks to represent a class of similarly situated Stryker employees. Dkt. 1-2. Stryker seeks dismissal for failure to state a plausible claim.

ORDER - 1

# I.    BACKGROUND

Christian Belleque began working for Stryker as a sales representative in October 2022. When he was hired, Stryker required Belleque to sign an employment agreement including a noncompete clause prohibiting him from rendering "services directly or indirectly . . . in connection with any Conflicting Product or Service" for twelve months following termination of his employment with Stryker for any reason. Dkt. 1-2 at 18, Ex. A.

Belleque resigned from Stryker on October 9, 2023. Stryker sent him a letter the same day, reminding him of his noncompete agreement and asking him to provide "the identity of his new employer, a full description of the scope of his new position, and a certification that he would honor the post-employment restrictions." *Id.* at 5. Belleque responded the next day,[1] informing Stryker that his new job was in "the medical aesthetics and wellness industry." *Id*.

Belleque sued in May 2025, asserting a single claim: "Violation of Washington Law Prohibiting unlawful noncompetition covenants,[2] RCW 49.62.005, *et seq.*" Dkt. 1-2 at 7.

He alleges that "[d]espite having significant experience in the medical device sales industry, Plaintiff was unable to continue working in the industry upon his resignation because of the noncompete that Stryker required Plaintiff to sign at the beginning of his

---

[1] The fair reading of these allegations is that Belleque accepted his new job before Stryker sent the "reminder" letter.

[2] This statutory title is not accurate; Chapter 49.62's current name is the "Washington Noncompetition Covenant Act."

employment and threatened to enforce upon his resignation." *Id.* at 5. He alleges his noncompete agreement "suppressed his wages and kept him from securing better working conditions" because Stryker could pay him "less for his services than it would have had to in the absence of a noncompete agreement." *Id.* Belleque also contends the non-compete agreement "restricted his ability to continue to work in the medical device sales industry upon resignation or termination." *Id.*

Belleque seeks actual or statutory damages of $5,000, and asks the Court to enjoin Stryker from requiring and enforcing noncompete agreements with individuals who make less than the statutory threshold. *Id.* at 9. Belleque seeks to represent a class of similarly situated Stryker employees who were forced to sign non-compete agreements despite earning less than the statutory threshold. *Id.*

Stryker argues that Belleque's complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the non-compete agreement Belleque signed when he hired was lawful, because his "intent to enforce" claim is not cognizable, and because he fails to plausibly allege he was "aggrieved" by any agreement.

Because the statue under which he sues does not prohibit any of the conduct of which he complains, Stryker's motion is GRANTED. Belleque's claim is dismissed with prejudice and without leave to amend.

## II.  DISCUSSION

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

RCW Chapter 49.62 "Noncompetition Agreements" became effective January 1, 2020. It primarily renders noncompete agreements void and unenforceable unless and until the employee's compensation exceeds a certain annual threshold:

> (1) A noncompetition covenant is void and unenforceable:
>
> > (a)(i) Unless the employer discloses the terms of the covenant in writing to the prospective employee no later than the time of the initial oral or written acceptance of the offer of employment and, if the agreement becomes enforceable only at a later date due to changes in the employee's compensation, the employer specifically discloses that the agreement may be enforceable against the employee in the future[.]

RCW 49.62.020(1)(b).[3]

This section (and the entire Chapter) does not prohibit an employer from requiring a new employee to sign a non-compete agreement at hire; it expressly contemplates that employees will be required to sign such agreements up front, before they have been paid and before either the employer or the employee knows whether they will earn the statutory minimum required to make the noncompete agreement enforceable.

The Chapter does not in fact prohibit or require *anything*, and it specifically does not provide that requiring an employee to sign an ultimately unenforceable noncompete agreement "violates" the statute. Instead, it decrees that certain noncompete agreements

---

[3] Only one reported case cites this section. *A Place for Mom v. Perkins*, 475 F. Supp. 1217 (W.D. Wash 2020). *A Place for Mom* involved the plaintiff *employer's* action to enforce an employment agreement that included confidentiality and noncompete provisions, and to enjoin its employee from stealing trade secrets. The RCW 49.62.020 dispute related only to the defendant employee's unsuccessful argument that the agreement was unenforceable because it was not timely disclosed. *Id*. at 1227.

ORDER - 5

are "void and unenforceable" unless they have been timely disclosed, and unless and until the employee exceeds the statutory minimum salary.

The Chapter[4] is not a model of clarity. Its "remedies" section is the first place that mentions "violations," but that statute does not describe what conduct is prohibited or required, or how one could "violate" a statute that provides only that certain agreements are void and unenforceable:

> (1) Upon a **violation of this chapter**, the attorney general, on behalf of a person or persons, may pursue any and all relief. A person aggrieved by a noncompetition covenant may bring a cause of action to pursue any and all relief provided for in subsections (2) and (3) of this section.
>
> (2) If a court or arbitrator determines that a noncompetition covenant violates this chapter, the violator must pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding.
>
> (3) If a court or arbitrator reforms, rewrites, modifies, or only partially enforces any noncompetition covenant, the party seeking enforcement must pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding.
>
> (4) A cause of action may not be brought regarding a noncompetition covenant signed prior to January 1, 2020, if the noncompetition covenant is not being enforced or explicitly leveraged

---

[4] The Court notes that Washington Senate Bill 5437 proposes to dramatically alter this Chapter, both to make *all* noncompete agreements void unenforceable, and to add a new subsection (2) to RCW 49.62.020:

> It is a violation of this chapter for an employer to enforce, attempt to enforce, or threaten to enforce against an employee or worker any noncompetition covenant, to represent that the employee or worker is subject to a noncompetition covenant, or to enter into or attempt to enter into a noncompetition covenant with an employee or worker.

This provision is not in the statute that is the basis for Belleque's claim.

ORDER - 6

RCW 49.62.080 (emphasis added).[5]

Belleque asserts he has "Sufficiently Pled that Stryker Violated the Act by Requiring Plaintiff to Sign the Noncompete Agreement." Dkt. 15 at 12. But he concedes he signed the agreement when he was hired, before he earned anything. The Chapter does not prohibit that; it instead makes timely disclosure one of the prerequisites for enforcing a noncompete. *See A Place for Mom*, 475 F. Supp. at 1227 (citing RCW 49.62.020(1)(a)(i)). Even if Belleque did not earn the statutory minimum, the effect of RCW 49.62.020 is that the agreement is void and unenforceable; there is no authority[6] for the proposition that requiring a new hire to sign a noncompete "violates" the Chapter.

Belleque's other claimed "violation" fares no better. He contends Stryker "violated the Act" by "requiring" him to "certify he would abide by the noncompete agreement upon his resignation." Dkt. 15 at 17. He suggests that because the Chapter makes "enforcement or leveraging" a "necessary element of a claim" only for agreements that pre-date the Chapter, those requirements do not apply. Dkt. 15 at 19 (citing RCW 49.62.080(4)). He asserts that since he signed his agreement after the Chapter's effective date, "the full range of remedies is available to him regardless of whether the agreement was enforced or leveraged." *Id.*

---

[5] It is unclear under what authority and circumstances the Court would "rewrite" an enforceable noncompetition agreement.

[6] The Court need not consider Belleque's offer letter and its more-than-the-statutory-minimum expected annual salary to so conclude.

But he cannot point to any statutory provision tying the statutory remedy to any Stryker "violation." Belleque also pled that he took another job and resigned from Stryker *before* he received the "reminder letter." Dkt. 1-2 at 5. He explains he did so because Stryker "provided minimal benefits, required long hours, and the commission-based pay structure resulted in unstable earnings." *Id*.

Belleque has not pled and cannot through amendment plead that Stryker violated RCW Chapter 49.62. Stryker's motion to dismiss his claim based on it is **GRANTED**, and the case is **DISMISSED**, with prejudice and without leave to amend. The motion to bifurcate discovery is **DENIED** as moot.

The clerk shall enter a judgment and close the case.

**IT IS SO ORDERED**.

Dated this 26th day of February, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8